United States District Court
Southern District of Texas
**ENTERED**
July 28, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RASHARD ESAW RENFRO, <br> TDCJ #01463328, <br><br> Petitioner, <br><br> v. <br><br> LORIE DAVIS, Director, <br> Texas Department of Criminal <br> Justice, Correctional <br> Institutions Division, <br><br> Respondent.[1] | § § § § § § § § § § § § § § § | CIVIL ACTION NO. H-16-2221 |

## MEMORANDUM OPINION AND ORDER

The petitioner, Rashard Esaw Renfro (TDCJ #01463328), has filed a Petition for a Writ of Habeas Corpus By a Person in State Custody ("Petition") (Docket Entry No. 1) seeking relief from a prison disciplinary conviction for failure to turn out for work. After considering the pleadings and the applicable law, the court will dismiss this action for the reasons explained below.

### I. Background

Renfro is currently incarcerated at the Stiles Unit as the result of a conviction for aggravated robbery that was entered

---

[1] The Petition names "D.H.O. D. Miller" as the respondent. Because the petitioner is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ"), Director Lorie Davis is substituted as the proper respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

against him on September 9, 2007, in Harris County cause number 1073122.[2] Renfro received a 25-year prison sentence in that case.[3]

In the pending Petition Renfro seeks relief from a prison disciplinary case that were entered against him at the Jester III Unit on April 7, 2016.[4] In particular, Renfro challenges his conviction for violating prison rules by refusing or failing to turn out for work in disciplinary case #20160212287.[5] As a result of this disciplinary conviction, Renfro forfeited 30 days of previously earned good-time credit and he lost commissary privileges, among other things, for 30 days.[6] Renfro was also reprimanded and reduced in classification status to Line 3.[7] Renfro filed grievances to challenge the conviction, but his appeal was unsuccessful.[8]

Renfro now contends that he is entitled to relief because the challenged disciplinary conviction was entered against him in "violation of due process."[9] For reasons explained below, the

---

[2] See Texas Department of Criminal Justice, Offender Information, at https://offender.tdcj.texas.gov/Offender_Search (last visited July 27, 2016).

[3] Id.

[4] Petition, Docket Entry No. 1, p. 5.

[5] Id.

[6] Id.

[7] Id.

[8] Id. at 5-6.

[9] Id. at 6-7.

court concludes that Renfro fails to state an actionable claim under the legal standard that governs disciplinary proceedings in the prison context.

## II. Prison Disciplinary Proceedings

An inmate's rights in the prison disciplinary setting are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. See Wolff v. McDonnell, 94 S. Ct. 2963, 2974-75 (1974). Prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. See Sandin v. Conner, 115 S. Ct. 2293, 2302 (1995). Liberty interests emanate from either the Due Process Clause itself or from state law. See Kentucky Dep't of Corrections v. Thompson, 109 S. Ct. 1904, 1908 (1989) (citation omitted). To the extent that the disciplinary conviction may affect the petitioner's eligibility for early release from prison, the Due Process Clause does not include a right to conditional release before the expiration of a valid sentence. See Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex, 99 S. Ct. 2100, 2104 (1979). Under these circumstances, the petitioner's claims depend on the existence of a constitutionally protected liberty interest created by state law.

The Supreme Court has decided that only those state-created substantive interests that "inevitably affect the duration of [a

prisoner's] sentence" may qualify for constitutional protection under the Due Process Clause. Sandin, 115 S. Ct. at 2302. See also Orellana v. Kyle, 65 F.3d 29, 31-32 (5th Cir. 1995). In Texas only those inmates who are eligible for the form of parole known as mandatory supervision have a constitutional expectancy of early release. See Malchi v. Thaler, 211 F.3d 953, 956 (5th Cir. 2000) (addressing the mandatory supervision scheme in place prior to September 1, 1996); see also Teague v. Quarterman, 482 F.3d 769 (5th Cir. 2007) (addressing the mandatory supervision scheme in place before and after September 1, 1996). As a result, a Texas prisoner cannot demonstrate a constitutional violation in the prison disciplinary context without first satisfying the following criteria: (1) he must be eligible for early release on mandatory supervision; and (2) the disciplinary conviction at issue must have resulted in a loss of previously earned good-time credit. See Malchi, 211 F.3d at 957-58 (explaining that only those Texas inmates who are eligible for early release on mandatory supervision have a protected liberty interest in their previously earned good-time credit).

Renfro cannot demonstrate a constitutional violation in this case. Although Renfro lost good-time credit as the result of the challenged disciplinary conviction, he is not eligible for mandatory supervision because of his prior conviction for aggravated robbery. See Tex. Gov't Code § 508.149(a)(12) (excluding prisoners convicted of aggravated robbery from

-4-

eligibility for mandatory supervision). Likewise, Renfro concedes that the judgment in connection with that conviction included an affirmative finding that a deadly weapon was used or exhibited during the offense, which also excludes him from eligibility for mandatory supervision.[10]  See Tex. Gov't Code § 508.149(a)(1) (excluding from mandatory supervision prisoners convicted of an offense with an affirmative finding that a deadly weapon was used to commit the offense). This is fatal to Renfro's due process claims. See Malchi, 211 F.3d at 957-58.

Although the disciplinary convictions at issue also resulted in a loss of privileges and affected his classification status, the Fifth Circuit has recognized that sanctions such as these, which are "merely changes in the conditions of [an inmate's] confinement," do not implicate due process concerns. Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997). Limitations imposed on privileges are the type of sanctions that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life. See id. Likewise, reductions in a prisoner's custodial classification and the potential impact on good-time credit earning ability are too attenuated to be protected by the Due Process Clause. See Malchi, 211 F.3d at 958; Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995); Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995). Under these circumstances, Renfro cannot demonstrate a

---

[10]Petition, Docket Entry No. 1, p. 5, ¶ 15.

violation of the Due Process Clause, and his pending federal habeas corpus Petition will be denied.

### III. **<u>Certificate of Appealability</u>**

Rule 11 of the Rules Governing Section 2254 Cases now requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." <u>Tennard v. Dretke</u>, 124 S. Ct. 2562, 2565 (2004) (quoting <u>Slack v. McDaniel</u>, 120 S. Ct. 1595, 1604 (2000)). Under the controlling standard this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" <u>Miller-El</u>, 123 S. Ct. at 1039. Where denial of relief is based on procedural grounds the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it

debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604.

A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). For reasons set forth above, the court concludes that jurists of reason would not debate whether the petitioner states a valid claim or that the Petition should be resolved in a different manner. Therefore, a certificate of appealability will not issue.

### IV.  Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The Petition for a Writ of Habeas Corpus By a Person in State Custody filed by Rashard Esaw Renfro (Docket Entry No. 1) is **DISMISSED with prejudice**.

2. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this 27th day of July, 2016.

SIM LAKE
UNITED STATES DISTRICT JUDGE